UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HIGHLAND HOLDINGS, INC., et al.,

    Plaintiffs,

v.                                                  CASE NO. 8:14-cv-1334-T-23TBM

MID-CONTINENT CASUALTY
COMPANY,

    Defendant.
_____/

**ORDER**

    Nineteen days after entry of judgment, Mid-Continent moves (Doc. 83) under Rule 54(d)(1), Federal Rules of Civil Procedure, for costs and moves (Doc. 84) under Section 768.79, Florida Statutes, for costs and for an attorney's fee.  Although Mid-Continent moves (Doc. 81) for an extension of time to move for costs, no motion for an extension of time to move for an attorney's fee appears on the docket.[1] Because Local Rule 4.18 requires a party to move for costs "not later than fourteen (14) days following the entry of judgment" and because Rule 54(d)(2), Federal Rules of Civil Procedure, requires a party to move for an attorney's fee "no

---

[1] Clarifying that the motion for an extension is for more time to move for costs other than an attorney's fee, the motion requests more time to "file its Bill of Costs and Motion for Taxation of Costs" and states that the requested amount of costs is $9,227.31. (Doc. 81 at 1)

later than 14 days after the entry of judgment,"[2] both the request for costs and the request for an attorney's fee are untimely.[3]

**1. Rule 54(d)(1), Federal Rules of Civil Procedure**

Moving for an extension of time to move for costs under Rule 54(d)(1), Federal Rules of Civil Procedure, Mid-Continent cites Rule 6(b)(1), which states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Because Mid-Continent moves for an extension after expiration of the deadline, Mid-Continent must demonstrate "excusable neglect." Arguing "excusable neglect," Mid-Continent states:

> 5. It is the internal policy of Hinshaw & Culbertson LLP that deadlines for federal court Motions to Tax Costs premised upon 28 U.S.C. §1920

---

[2] Although Rule 54(d), Federal Rules of Civil Procedure, prescribes a deadline for moving for an attorney's fee, the same rule "does not provide any specific time period for the making of a motion to tax costs. . . . In the absence of such a uniform time period in the Federal Rules of Civil Procedure, the matter is left to the local rules of the district courts." *Moore's Federal Practice*, Vol. 10, § 54.100 (3d ed. 2016). Accordingly, Local Rule 4.18 prescribes a deadline for moving for costs.

[3] Although Rule 6(d) allows three additional days to serve a motion, Rule 6(d) "does not apply to time periods that are triggered by the entry of a judgment or an order." *Estate of Miller ex rel Miller v. Ford Motor Co.*, 2004 WL 6235323, at *1 (M.D. Fla. Dec. 17, 2004) (Steele, J.) (citing *Staib v. Preprint Publ'g Co., Inc.*, 220 F.3d 589 (11th Cir. 2000)). Thus, a party moving for costs or for an attorney's fee is "not entitled to an additional three days" under Rule 6(d). *Miller*, 2004 WL 6235323, at *1.

> are to be calendared for the attorneys of record on a date not later than fourteen (14) days following the entry of a judgment.
>
> 6. It is the internal policy of Hinshaw & Culbertson LLP that deadlines for state court Motions to Tax Costs premised upon Section 57.041, Florida Statutes, are to be calendared for the attorneys of record on a date not later than thirty (30) days following the entry of a judgment.
>
> 7. Solely through inadvertence, and through no fault of MCC, the internal policy of Hinshaw & Culbertson, LLP for calendaring a state court Motion to Tax Costs was followed instead of the internal policy of Hinshaw & Culbertson LLP for calendaring a federal court Motion to Tax Costs.

(Doc. 83-3 at 3; *see* Doc. 81 at 2)  Stating that the "internal policy of [counsel's law firm] for calendaring a state court Motion to Tax Costs was followed," Mid-Continent blames the five-day tardiness on the law firm's "clerical error."[4]

Excusable neglect "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented" compliance with a deadline.  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted).[5]  And counsel are Mid-Continent's "agents for purposes of advising [Mid-Continent] of the impending deadline. . . .  [A]ttorney ignorance or inadvertence . . . does not furnish cause to excuse a procedural default."  *Maples v. Thomas*, 132 S. Ct. 912, 932 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).  Facing even more excusable circumstances, the plaintiff in *Micciche*

---

[4] Also, Mid-Continent alleges that, although Mid-Continent attempted to move on the eighteenth day after entry of judgment, the electronic filing system was temporarily unavailable.

[5] Although *Lepone-Dempsey* discusses "good cause," "[e]xcusable neglect [includes] a demonstration of good faith by the moving party." *Moore's Federal Practice*, Vol. 1, § 6.06[3][b] (3d ed. 2016).

- 3 -

*v. Kemper National Services*, 560 F. Supp. 2d 204, 209–10 (E.D.N.Y. 2008) (Irizarry, J.), failed to establish excusable neglect:

> Plaintiff's counsel . . . attempts to establish excusable neglect by citing "numerous problems with the process server" and "absence of the full time paralegal who was out on maternity leave," which purportedly left the office "severely understaffed" and unable to perform "normal follow up procedures." Circumstances such as these fail to establish excusable neglect.

(citation omitted); *accord Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988) (Wood, J.) ("Courts that have considered this issue . . . agree that counsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause.").

Mid-Continent's motion (Doc. 81) for an extension of time to move for costs is **DENIED**. Mid-Continent's motion (Doc. 83) for costs under Rule 54(d)(1) is **DENIED**.

**2. Section 768.79, Florida Statutes**

Nineteen days after entry of judgment, Mid-Continent moves for costs and an attorney's fee under Section 768.79, Florida Statutes, which entitles a defendant covered by "liability insurance" to costs and an attorney's fee if the "defendant files an offer of judgment which is not accepted by the plaintiff within 30 days." Arguing that the motion is timely, Mid-Continent (1) cites Section 768.79(6), which requires a party to move for costs and an attorney's fee under Section 768.79 "within 30 days after the entry of judgment" and (2) cites *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 2007 WL 2376036, at \*2 (M.D. Fla. Aug. 16, 2007) (Presnell, J.), which states:

> Essex next contends that Section 768.79 is procedural and therefore governed by Local Rule 4.18, which requires the filing of a motion for

> attorney's fees within fourteen days of the entry of judgment. Because the instant motion was filed 28 days after the case was dismissed, Essex contends it is untimely. However, Essex is mistaken. State statutes allowing for recovery of attorney's fees are substantive for purposes of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and are therefore applicable in cases, such as this one, where federal jurisdiction is based on diversity of citizenship. *McMahan v. Toto*, 256 F.3d 1120 (11th Cir. 2001).

In concluding that Section 768.79 is "substantive," *Essex Builders* relies heavily on a citation from *McMahan v. Toto*, 256 F.3d 1120, which states, "It is clear that statutes allowing for recovery of attorney's fees are substantive for Erie purposes."

However, *McMahan* concludes not that Section 768.79 is entirely "substantive" but that three subsections — (1), (2), and (7) — in Section 768.79 are "substantive." *Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 79 (Fla. 2012), holds that Section 768.79 comprises both "substantive and procedural aspects." Explaining that subsection (6)'s requiring a party to move for costs and an attorney's fee "within 30 days after the entry of judgment" is "procedural," *Hsi Chang v. JPMorgan Chase Bank, N.A.*, 138 F. Supp. 3d 1352, 1354 (S.D. Fla. 2015) (Garber, J.), states:

> Chang urges the Court to construe the thirty-day time period of Section 768.79 of the Florida Statutes as substantive state law, rather than procedural state law, in which case this Court would have to determine the timeliness of Chase's motions under Section 768.79, not its own local rules, pursuant to the Erie doctrine. The Court rejects this reading. The Supreme Court of Florida has interpreted the thirty-day time period of Section 768.79 as procedural. See *Gulliver Acad., Inc. v. Bodek*, 694 So. 2d 675, 676 (Fla. 1997), superseded on other grounds by *Saia Motor Freight Line, Inc. v. Reid*, 930 So.2d 598 (Fla. 2006) ("In accord with this analysis, we agree with the First District in Gilbert and hold that the time periods in these statutes are procedural and are governed by the Florida Rules of Civil Procedure.") Under Erie, then, the Court's local rules govern this dispute over attorney's fees and costs.

Because the local rules govern the time in which Mid-Continent must move for costs and because the Federal Rules of Civil Procedure govern the time in which Mid-Continent must move for an attorney's fee, Mid-Continent's motion under Section 768.79, Florida Statutes, for costs and for an attorney's fee is untimely. Mid-Continent fails to demonstrate "excusable neglect" for the five-day delay in moving under Section 768.79, and Mid-Continent's motion (Doc. 84) under Section 768.79 for costs and for an attorney's fee is **DENIED**.

ORDERED in Tampa, Florida, on August 17, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE