UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HIGHLAND HOLDINGS, INC.
and ROBERT J. ADAMS,

    Plaintiffs,

v.                                CASE NO. 8:14-cv-1334-T-23TBM

MID-CONTINENT
CASUALTY COMPANY,

    Defendant.
_____/

**ORDER**

In 2013, a third party sued Highland Holdings and a Highland corporate officer, Robert Adams, for copyright infringement.[1] While the third-party action pended, Highland and Adams sued in this action and requested a declaratory judgment that Mid-Continent Casualty Company, which insured Highland under a general commercial policy, owed a duty to indemnify Highland and Adams' prospective damages in the third-party action. After settling the third-party action for $650,000, Highland and Adams added a claim in this action for breach of the insurance policy.

In 2015 Mid-Continent proposed to Highland and Adams a "joint" offer of judgment under Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of

---

[1] Case 8:13-cv-2448-EAK (M.D. Fla.).

Civil Procedure. (Doc. 94 at 45) The offer, which proposes settling the action for $200,000, resolves "all claims that were made . . . by Highland and Adams in this Coverage Action." Highland and Adams declined the offer.

On summary judgment, the district court held that Highland and Adams failed to establish Mid-Continent's duty to indemnify Highland and Adams' damages in the third-party action, and the Eleventh Circuit affirmed. Mid-Continent moved in the Eleventh Circuit for an attorney's fee, and the Eleventh Circuit transferred the motion (Doc. 94) to the district court.

## DISCUSSION

If a defendant in an "action for damages" proposes an offer of judgment, if the plaintiff declines the offer, and if the plaintiff recovers nothing, Section 768.79 permits the defendant to recover the attorney's fee incurred after the offer. Section 768.79 constitutes "substantive law for *Erie* purposes." *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

Objecting to the requested attorney's fee, Highland and Adams argue that Mid-Continent cannot recover an attorney's fee in this action because the complaint requests equitable relief.[2] In *Diamond Aircraft Indus., Inc. v. Horowitz*, 107 So. 3d 362 (Fla. 2013), the plaintiff requested both specific performance and monetary damages. Because Section 768.79 applies only to an action "for damages," *Horowitz* holds that a party to an action that includes a request for equitable relief cannot recover an

---

[2] Because *Diamond Aircraft* and *National Indemnity* preclude an attorney's fee, this order declines to resolve Highland and Adams' other arguments against an attorney's fee.

- 2 -

attorney's fee under Section 768.79 unless the offer of judgment disavows settling the equitable claim. 107 So. 3d at 374 ("[S]ection 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims.").

Highland and Adams argue that their request for a declaratory judgment constitutes "equitable relief" that precludes an attorney's fee. In *National Indemnity Co. of the South v. Consolidated Insurance Serv.*, 778 So. 2d 404 (Fla. 4th DCA 2001) (Warner, J.), which *Diamond Aircraft* cites with approval, the plaintiff requested a declaratory judgment that the defendant owed a duty to indemnify the plaintiff in a third-party tort action. Affirming the circuit court's denial of an attorney's fee, *National Indemnity* holds that a dispute over "insurance coverage for an underlying tort action" is not an action "for damages." 778 So. 2d at 408. Like *National Indemnity,* the plaintiffs in this action requested a declaratory judgment about "insurance coverage for an underlying tort action." Because the request for a declaratory judgment constitutes "equitable" relief under *Diamond Aircraft* and *National Indemnity* and because Mid-Continent proposed a "general offer of judgment," Mid-Continent cannot recover an attorney's fee under Section 768.79. The motion (Doc. 94) for an attorney's fee is **DENIED**.

ORDERED in Tampa, Florida, on September 5, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE